UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTON A. MULLET, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:23-cv-00341 |
| SUMMIT ACCOUNT & COMPUTER SERVICE, INC. and SLOVIN & ASSOCIATES CO., L.P.A., | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW comes JUSTON A. MULLET ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SUMMIT ACCOUNT & COMPUTER SERVICE, INC. ("Summit") and SLOVIN & ASSOCIATES CO., L.P.A. ("Slovin") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*, stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Indiana.

4. Joinder of Plaintiff's claims against Defendants is proper, pursuant to Fed. R. Civ. P. 20(a)(2), as the conduct arises out of the same transaction, occurrence, or series of transactions and occurrences, and common questions of law and fact will arise.

### PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Goshen, Indiana, within the Northern District of Indiana.

6. Summit is a third-party debt collector collecting debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including those in the state of Indiana. Summit is a corporation organized and existing under the laws of the state of Indiana with its principal place of business located at 1034 Wingate Drive, Fort Wayne, IN 46845.

7. Slovin is a third-party "debt collector"[1] collecting debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including those in the state of Indiana. Summit is a professional corporation organized and existing under the laws of the state of Ohio with its principal place of business located at 2060 Reading Road, Suite 420, Cincinnati, Ohio 45202.

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://sclpa.com/

2

9. Prior to the actions giving rise to the claims herein, Plaintiff incurred a medical debt ("subject consumer debt").

10. In or about the year 2013, Summit obtained a judgment against Plaintiff for the subject consumer debt.

11. Thereafter, Plaintiff made monthly payments on the subject consumer debt beginning in or about August of 2014 until the same was paid in full on or about December of 2016.

12. However, in or about October of 2022, Plaintiff received notice that Slovin, on behalf of Summit, was seeking a second judgment against Plaintiff for the same subject consumer debt that Plaintiff had already satisfied.

13. In an effort to resolve the error, Plaintiff called Slovin to discuss the subject consumer debt. On such a call, Summit sought payment for the subject consumer debt. Plaintiff submitted payment receipts that he had found to Slovin, but Solving told Plaintiff that the receipts were fake and that Plaintiff still owed the "hospital debt." Solvin communicated to Plaintiff that Summit and it and none of Plaintiff's records, that it would garnish Plaintiff's wages in 30 (thirty) days, and Slovin also hung up on Plaintiff after he suggested that he would discuss the subject consumer debt with a lawyer.

14. Frustrated over Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

15. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

16. Plaintiff has suffered concrete harm as a result of Defendants' actions including, but not limited to, aggravation that accompanies harassing and abusive debt collector conduct, emotional distress, increased blood pressure, and violations of his federally-protected interests to be free form harassing, deceptive, and unfair debt collection conduct.

3

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*PLAINTIFF AGAINST DEFENDANTS*

17. Plaintiff repeats and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

19. The subject debt is a "debt" as defined by FDCPA § 1692a(5), as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

20. Each Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Each Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. Summit is both directly liable for its conduct in relation to the subject consumer debt and vicariously liable for the violations of law engaged in by its agent, Slovin, given the existence of a principal-agent relationship between the parties.

    a.    **Violations of the FDCPA § 1692d**

23. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

24. Summit violated § 1692d when it sought another judgment for the subject consumer debt despite Plaintiff having satisfied the same, in full.

25. Further, Defendants violated § 1692d by harassingly seeking to collect upon a debt from Plaintiff that he did not owe, which is inherently conduct causing Plaintiff, a non-debtor, to feel harassed and oppressed as he was incorrectly roped back into a debt collection scheme.

4

26. Moreover, Slovin violated § 1692d when it harassingly and abusively hung up on Plaintiff after Plaintiff discussed the possibility of his right to discuss the subject consumer debt with an attorney.

    **b.    Violations of the FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A);

> "The false representation of . . . The threat to take any action that cannot legally be taken or that is not intended to be taken . . ." 15 U.S.C. § 1692e(5); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. Defendants violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe. Slovin was made aware that Plaintiff was not the intended target of its collection efforts, yet Slovin, on behalf of Summit, persisted in its efforts to collect the subject consumer debt from Plaintiff. Defendants' efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendants' collection efforts were designed to deceptively compel Plaintiff's payment on a debt which he did not owe.

36. Further, Slovin violated §§ 1692e and 1692e(10) by deceptively telling Plaintiff that the receipts he had were fake despite that not being the case and that Summit did not have any of Plaintiff's records from prior payments despite not knowing whether or not that was the case.

37. Moreover, Slovin violated §§ 1692e, 1692e(5), and 1692e(10) by threatening to garnish Plaintiff's wages within 30 days despite that both not being possible and not being the intention of Slovin or Summit.

   c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated § 1692f when they unfairly and unconscionably attempted to collect on a debt form Plaintiff that he did not owe. These means employed by Defendants only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, JUSTON A. MULLET, respectfully requests that this Honorable Court enter judgment in his favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated:  April 28, 2023                                    Respectfully submitted,

                                                            s/ Nathan C. Volheim
                                                            Nathan C. Volheim, Esq. #6302103
                                                            Counsel for Plaintiff
                                                            Admitted in the Northern District of Indiana
                                                            Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com